THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW E. HALEY, Defendant-Appellant.

Third District    No. 3—98—0806

Opinion filed July 24, 2000.—Rehearing denied September 1, 2000.

HOLDRIDGE, J., dissenting.

Elaine Spiliopoulos, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KOEHLER delivered the opinion of the court:

The defendant, Andrew E. Haley, was charged with armed violence and two counts of aggravated battery with a firearm (720 ILCS 5/33A—2, 12—4.2 (West 1994)). He agreed to plead guilty to both counts of aggravated battery with a firearm in exchange for the State's dismissal of the armed violence count and recommendation of a maximum sentence of 24 years' imprisonment. The Peoria County circuit court accepted the defendant's plea and sentenced him to 2 concurrent prison terms of 24 years each.

Defense counsel subsequently filed a timely motion to vacate the defendant's guilty pleas and reconsider sentence. Additionally, the defendant filed *pro se* post-plea motions alleging, *inter alia*, ineffective assistance of trial counsel. At the hearing on the consolidated motions, the defendant withdrew his motion to vacate his pleas and asked the court to consider only the motions to reconsider and reduce sentence. The circuit court denied the motions, and the defendant appealed. On review, this court remanded the cause for consideration of the defendant's claim of ineffective assistance of counsel. *People v. Haley*, No. 4—97—0344 (3rd Dist. 1998) (unpublished order under Supreme Court Rule 23).

Following another hearing, the circuit court denied the ineffective assistance of counsel claim, as well as the defendant's renewed motion to withdraw his guilty pleas. Defendant appeals again, contending only that his sentence is excessive.[1]

On appeal we must decide whether a defendant may appeal from a sentence imposed pursuant to a plea agreement after unsuccessfully moving to withdraw his guilty plea. We conclude that he may not;

---

[1]After defendant filed his appellant's brief, our supreme court handed down its decision in *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999), holding that a defendant who enters a partially negotiated guilty plea may not challenge the severity of a capped sentence unless he first moves to withdraw his plea. This court *sua sponte* granted both parties an opportunity to rebrief their arguments in light of *Linder*.

therefore, we dismiss the appeal. In *People v. Evans*, 174 Ill. 2d 320, 324, 673 N.E.2d 244, 246 (1996), our supreme court considered whether a defendant who enters a negotiated guilty plea may challenge the severity of his sentence without first withdrawing his guilty plea and vacating judgment pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). In both of the cases before the court in *Evans*, the defendants had moved for a reduction of sentence following the entry of a fully negotiated plea of guilty. In affirming the circuit courts' rulings denying relief, the supreme court adopted the State's position that a defendant who enters a negotiated guilty plea should not be allowed to hold the State to its part of the plea bargain while unilaterally obtaining reconsideration of the negotiated sentence. *Evans*, 174 Ill. 2d at 327, 673 N.E.2d at 247-48.

The significance of the plea bargaining process was an important aspect of the *Evans* court's rationale and warrants repeating for purposes of the instant appeal:

"Entering a guilty plea is *** accurately described as 'a grave and solemn act.' [Citation.] It is *not* a 'temporary and meaningless formality reversible at the defendant's whim.' [Citations.] Consequently, leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice." (Emphasis in original.) *Evans*, 174 Ill. 2d at 326, 673 N.E.2d at 247, quoting *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1468 (1970), and *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975).

The rule of *Evans* was subsequently extended to partially negotiated agreements with sentencing caps. *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999). The two defendants before the court in *Linder*, as in *Evans*, failed to move to withdraw their guilty pleas before seeking reconsideration of their sentences. The *Linder* court held that the defendants' appeals should have been dismissed. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173. The court reasoned that, by agreeing to a sentencing cap, the defendant effectively agrees not to challenge as excessive any sentence imposed within the capped range. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172. Therefore, once the court imposes a sentence within the capped range, the defendant must move to withdraw his plea, if he believes the sentence is excessive, and vacate judgment so as to place the parties in the status quo *ante*. See *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

The defendant in this case, unlike those considered in *Linder*, filed a proper Rule 604(d) motion to withdraw his pleas. He argues, and the State agrees, that he has therefore satisfied the *Evans-Linder* requirement and may now proceed to challenge the severity of his sentence on appeal. We disagree.

The position assumed by the parties would do nothing to encourage plea bargaining and is steeped in potential for abuse. Clearly, if the mere *pro forma* act of *filing* a motion to withdraw were all it took to repudiate a plea agreement and obtain review of the severity of a negotiated sentence, the supreme court would have accomplished very little in deterring the kind of "heads-I-win-tails-you-lose" gamesmanship decried by the court in *Evans*. See *Evans*, 174 Ill. 2d at 327-28, 673 N.E.2d at 248.

In our opinion, *Evans* requires that a defendant dissatisfied with his negotiated or capped sentence must not only (1) file a motion to withdraw his guilty plea, but (2) convince the trial court that the motion should be granted to correct a manifest injustice. If his motion is unsuccessful, the defendant may appeal from the court's denial of the motion; however, he may not challenge the severity of his sentence. If he is successful and judgment is vacated, the parties are returned to the status quo *ante*, and the defendant may renegotiate with the State, or not, without demeaning the plea bargaining process.

The defendant in this case pleaded guilty to two charges in exchange for the dismissal of one charge and a prison sentence not to exceed 24 years. The State lived up to its end of the bargain, and the court imposed a 24-year sentence. The defendant thereafter failed to convince the circuit court that withdrawing his guilty pleas and vacating judgment was necessary to correct a manifest injustice.

On appeal, the defendant does not contest the trial court's ruling on his motion to withdraw, although he was given an opportunity to do so. Instead, he persists in challenging only the severity of his sentence. Pursuant to *Evans* and *Linder*, the defendant is not entitled to a review of his sentence.

## Conclusion

In sum, where the defendant files a proper Rule 604(d) motion to withdraw his pleas but fails to show that the granting of the motion is necessary to correct a manifest injustice, the defendant is not entitled to a review of his negotiated sentences.

Accordingly, we dismiss the appeal.

Appeal dismissed.

HOMER, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. I would find that the presentment to the circuit court of a motion to withdraw defendant's guilty plea is suf-

ficient under *People v. Evans*, 174 Ill. 2d 320 (1996), and *People v. Linder*, 186 Ill. 2d 67 (1999), to allow this court to review defendant's sentence. I see nothing in either case requiring that the motion must have been granted by the circuit court. I would not dismiss the appeal and I therefore dissent.