THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAYSON D. SPRIGGLE, Defendant-Appellant.

Second District   No. 2—03—1141

Opinion filed June 28, 2005.—Rehearing denied July 26, 2005.

Michael J. Pelletier and Maya Szilak, both of State Appellate Defender's Office, of Chicago, for appellant.

John B. Roe, State's Attorney, of Oregon (Martin P. Moltz and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

This is the third direct appeal by defendant, Jayson D. Spriggle, from his convictions of first-degree murder and home invasion and his sentences of 60 years' imprisonment and 6 years' imprisonment, to run consecutively, entered pursuant to a partially negotiated plea agreement. Defendant appeals the trial court's order denying his motion to withdraw his guilty plea as well as the order dismissing his postconviction petition. We affirm.

## BACKGROUND

Pursuant to a partially negotiated guilty plea, defendant pleaded guilty to the offenses of first-degree murder (720 ILCS 5/9—1(a)(3) (West 1994)), home invasion (720 ILCS 5/12—11(a)(2) (West 1994)),

and residential burglary (720 ILCS 5/19—3 (West 1994)). In exchange for his plea, the State, *inter alia*, agreed not to seek the death penalty. The circuit court of Ogle County entered convictions on the charges of first-degree murder and home invasion, and sentenced defendant to 60 years' imprisonment for first-degree murder and a consecutive term of 6 years' imprisonment for home invasion. The court later vacated the home invasion conviction, finding it to be a lesser-included offense of first-degree murder. Defendant thereafter moved to reconsider his sentence, which the court denied, and defendant appealed. On appeal, we held that, because defendant entered a partially negotiated guilty plea, he could not file a motion to reconsider his sentence but was required to file a motion to withdraw his plea and vacate the judgment as a prerequisite to appeal. We remanded the cause to the trial court for further proceedings, however, because defendant was misadvised by the trial court of the need to file a motion to withdraw his plea. *People v. Spriggle*, No. 2—97—0533 (1999) (unpublished order pursuant to Supreme Court Rule 23). On remand, defendant filed a postconviction petition, a motion to reconsider his sentence, and a motion to withdraw his plea. The trial court dismissed the postconviction petition and motion to reconsider the sentence and denied the motion to withdraw the plea. Defendant appealed and we reversed the order denying defendant's motion to withdraw his plea and remanded for further proceedings based this time on defense counsel's failure to file a Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificate. *People v. Spriggle*, No. 2—01—0471 (2002) (unpublished order pursuant to Supreme Court Rule 23).

On remand, defendant filed a motion to withdraw his plea, a motion for reconsideration of his sentence, and a postconviction petition. The trial court dismissed defendant's motion to reconsider his sentence, on the basis that the plea was negotiated as to a sentence cap, which precluded defendant from bringing a motion to reconsider his sentence. In his postconviction petition and his motion to withdraw his plea, defendant argued that he should be permitted to withdraw his plea or have the sentence reduced because (1) his plea was based on a misapprehension of the law, as defendant was led to believe that he would be allowed to challenge his sentence by filing a motion to reconsider the sentence and would not be forced to withdraw his plea; (2) the sentence was grossly disproportionate to the sentences of his codefendants; and (3) the sentence was excessive in that it failed to reflect defendant's rehabilitative potential. The trial court dismissed the postconviction petition and denied the motion to withdraw the plea. With respect to the claim that the plea was based on a misapprehension of law, the court concluded that defendant's contention

that he believed he could challenge his sentence as excessive through a motion to reconsider the sentence was contradicted by the evidence that defendant acknowledged that he could receive up to a natural life sentence when he entered his plea. The court further found that, although it originally misadvised defendant that he had the right to challenge his sentence through a motion to reconsider the sentence, and counsel may have done the same, the court's admonishments were issued after defendant had already entered his plea, and the misinformation conveyed by counsel and the court did not prejudice defendant, since he could still attack his sentence through a motion to withdraw the plea. With respect to defendant's claim that the sentence was excessive, the court did not dispute that an excessive sentence could be grounds to allow withdrawal of a plea, but it found that defendant's sentence was not excessive. Finally, with respect to defendant's disparate-sentencing claim, the court concluded that defendant's sentence could not be compared to the sentences of his codefendants because defendant, unlike his codefendants, was convicted of first-degree murder. Thereafter, defendant filed a timely notice of appeal.

## ANALYSIS

On appeal, defendant argues that: (1) the trial court erred in denying his motion to withdraw his guilty plea because he reasonably believed that it was based on a misapprehension of law or facts; (2) he is entitled to withdraw his plea because the 60-year sentence is excessive; and (3) the trial court erred in failing to find that his sentence is grossly disparate to the sentences imposed upon his codefendants.

### 1. Withdrawal of Guilty Plea Based on Misapprehension of Law

We first address defendant's argument that the trial court abused its discretion in denying his motion to withdraw his guilty plea based upon a misapprehension of law. Specifically, at the time he entered his plea, defendant believed that he could challenge his sentence following the entry of his negotiated guilty plea, without seeking to withdraw his plea, and he asserts that he would not have pled guilty had he been advised that by pleading guilty he was surrendering his rights to challenge as excessive any sentence within the agreed-upon range.

■ Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice under the facts involved. *People v. Pullen*, 192 Ill. 2d 36, 39 (2000). Generally, the decision whether to allow a defendant to withdraw a guilty plea under Rule 604(d) (188 Ill. 2d R. 604(d)) is left to the discretion of the trial court. *Pullen*, 192 Ill. 2d at 40. A defendant may seek to withdraw his or her guilty plea on the grounds that the plea was entered based on a

misapprehension of fact or of the law, or if there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial. *Pullen*, 192 Ill. 2d at 40; *People v. Canterbury*, 313 Ill. App. 3d 914, 918 (2000). "In the absence of substantial objective proof showing that a defendant's mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea." *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993). The defendant bears the burden of proving that his or her mistaken impression was objectively reasonable under the circumstances existing *at the time of the plea*. *People v. Hale*, 82 Ill. 2d 172, 176 (1980). A proper and meticulous admonition of the defendant according to Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)) cannot simply be ignored. *People v. Radunz*, 180 Ill. App. 3d 734, 741 (1989).

■ Defendant attempts to link the voluntariness of his guilty plea to faulty advice given by his attorney prior to the plea and to later erroneous admonitions given by the trial court about his appellate rights. However, we do not find that the plea was not voluntarily made. At the guilty plea hearing, defendant acknowledged that he understood that by pleading guilty he would be sentenced to a minimum of 20 years' imprisonment on his first-degree murder conviction, was eligible for extended-term sentencing, and could be sentenced to natural life imprisonment. The record reflects that defendant entered his pleas of guilty of his own free will and against the advice of his counsel. The record also reflects, and defendant does not contend otherwise, that the trial court carefully admonished him pursuant to Rule 402(a) and determined that his plea was voluntary.

Later, at defendant's sentencing hearing, the trial court erroneously admonished defendant that he could move either to withdraw his plea or to reconsider his sentence. Defendant now contends that he was prejudiced by this later erroneous admonishment because, in reliance upon it, he reasonably believed that he could challenge his sentence without moving to withdraw his guilty plea and would not have entered his plea had he known he could not challenge his sentence as excessive. Defendant testified at the hearing on his motion to withdraw his guilty plea that he was misinformed by his counsel about the requirements necessary to successfully withdraw his guilty plea. Although defendant believes that this was a material consideration in his decision to enter into a plea bargain, he acknowledges that Rule 402(a) did not require the trial court to advise defendant that, by pleading guilty in exchange for a sentencing cap, he waived his right to challenge his sentence as excessive.

Defendant argues that due process and fairness dictate that he

should be allowed to withdraw his guilty plea because of the affirmative misrepresentation made regarding the consequences of pleading guilty. We find this argument unavailing given the facts of this case and the requirements of Rule 402(a). Defendant concedes that at the time of his guilty plea, which occurred prior to the supreme court decision of *People v. Linder*, 186 Ill. 2d 67 (1999), the then-existing law allowed defendant to challenge his sentence as excessive by filing a motion to reconsider sentence. See, *e.g., People v. Wilson*, 286 Ill. App. 3d 169, 172 (1997). Furthermore, although his counsel's advice and the trial court's admonishments at sentencing were erroneous after *Linder*, the record does not support defendant's characterization of the admonishments as "affirmative misrepresentation[s]" within the meaning of *People v. Correa*, 108 Ill. 2d 541, 551-52 (1985) (unequivocal, erroneous, misleading representations made by counsel to defendant in response to defendant's specific inquiry regarding deportation, the accuracy of which counsel could have ascertained before pleas were entered).

At the time of his guilty plea, defendant affirmatively indicated that he understood the proceedings related to his plea as well as the possible range of sentences. Defendant stated that he understood that, in exchange for his plea of guilty to first-degree murder, one count of home invasion, and one count of residential burglary, the State would dismiss four other charges against him and would not seek the death penalty. Defendant indicated that he understood that the minimum sentence on his first-degree murder conviction was 20 years' imprisonment and that he could be sentenced to an extended term of up to 100 years. Following the court's Rule 402(a) admonishments, defendant persisted in pleading guilty despite his counsel's advice otherwise. The trial court found defendant's argument that, at the time he entered his plea of guilty, he believed that he could challenge his sentence as excessive to be unfounded based upon the fact that the court's faulty admonishment came after the entry of the plea agreement. Defendant testified that he was also defectively admonished by his attorney, but a trial court is not required to accept a defendant's testimony related to his motion to withdraw a guilty plea. *People v. Murphy*, 248 Ill. App. 3d 42, 49 (1993). Defendant has not established that the trial court's determination that defendant's misapprehension of the law was not justified was an abuse of discretion.

Nor has defendant demonstrated that he suffered any prejudice concerning his claimed misapprehension of his ability to challenge his sentence as excessive. Defendant contends that his sentence is excessive in that the trial court gave improper consideration and weight to the offense, his age, his background, and his rehabilitative potential.

Merely asking this court to balance factors in aggravation and mitigation that were previously considered by the trial court at sentencing would not change the outcome of defendant's case. See *People v. Streit*, 142 Ill. 2d 13, 19 (1991) (a reviewing court must not substitute its judgment as to sentence for that of the trial court merely because it would have weighted factors in aggravation and mitigation differently). Based on this record, we determine that the trial court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea, because we do not believe the sentence to be excessive. Having determined that the sentence was not excessive, we also determine that there could be no prejudice arising from defendant's claimed misapprehension of the law.

## 2. Challenging the Severity of Sentence Pursuant to Withdrawal of Partially Negotiated Guilty Plea

■ We next review defendant's challenge of the severity of his 60-year sentence. Defendant, relying on the dissenting opinion of Justice Holdridge in *People v. Haley*, 315 Ill. App. 3d 717, 720-21 (3rd Dist. 2000) (Holdridge, J., dissenting), maintains that, because he filed a proper motion to withdraw his partially negotiated guilty plea pursuant to Supreme Court Rule 604(d) and the supreme court's opinion of *Linder*, it automatically allows appellate review of the severity of his sentence. We disagree with defendant's argument and decline to follow Justice Holdridge's dissenting opinion, although we considered the excessiveness of defendant's sentence in the preceding section of this disposition.

In *Haley*, the court considered whether the defendant, who filed a proper Rule 604(d) motion to withdraw his guilty pleas, could challenge the severity of his previously capped sentence on appeal. There, the court noted the well-established rule in *People v. Evans*, 174 Ill. 2d 320, 324 (1996), that a defendant who enters a fully negotiated guilty plea may not challenge the severity of his sentence without first moving to withdraw his guilty plea and vacate the judgment pursuant to Rule 604(d). The *Haley* court noted that the significance of the plea-bargaining process was an important aspect of the *Evans* court's rationale in holding that a defendant who enters a negotiated guilty plea should not be allowed to hold the State to its part of the plea bargain while unilaterally obtaining reconsideration of the negotiated sentence. *Haley*, 315 Ill. App. 3d at 719, citing *Evans*, 174 Ill. 2d at 326-27. As the *Evans* court observed: "[Entering a guilty plea] is *not* a 'temporary and meaningless formality reversible at the defendant's whim.' [Citations.] Consequently, leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest

injustice." (Emphasis in original.) *Evans*, 174 Ill. 2d at 326, quoting *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975).

The *Haley* court further observed that the rule in *Evans* was subsequently extended to partially negotiated agreements with sentencing caps in *Linder*, 186 Ill. 2d at 74. There, two defendants failed to move to withdraw their guilty pleas before seeking reconsideration of their sentences. The *Linder* court dismissed the appellate court's reasoning that, by agreeing to a sentencing cap, the defendants effectively agreed not to challenge as excessive any sentence imposed within the capped range. *Linder*, 186 Ill. 2d at 74. Thus, the *Haley* court concluded that, once the court imposes a sentence within the capped range, the defendant must move to withdraw his plea and vacate the judgment, if he believes that the sentence is excessive, so as to place the parties in the status quo *ante*. *Haley*, 315 Ill. App. 3d at 719, citing *Evans*, 174 Ill. 2d at 332.

Because the defendant in *Haley* filed a proper Rule 604(d) motion to withdraw his pleas, unlike those considered in *Linder*, he argued that he had therefore satisfied the *Evans-Linder* requirement and could proceed to challenge the severity of his sentence on appeal. The *Haley* court disagreed. *Haley*, 315 Ill. App. 3d at 719. The court found that the position assumed by the defendant would do nothing to encourage plea bargaining and was "steeped in potential for abuse." *Haley*, 315 Ill. App. 3d at 720. The court observed, "if the mere *pro forma* act of filing a motion to withdraw were all it took to repudiate a plea agreement and obtain review of the severity of a negotiated sentence, the supreme court would have accomplished very little in deterring the kind of 'heads-I-win-tails-you-lose' gamesmanship decried by the court in *Evans*." (Emphasis omitted.) *Haley*, 315 Ill. App. 3d at 720.

Consequently, *Haley* concluded that *Evans* requires that a defendant dissatisfied with his negotiated or capped sentence must not only (1) file a motion to withdraw his guilty plea, but must also (2) convince the trial court that the motion should be granted to correct a manifest injustice. If the motion is unsuccessful, the defendant may appeal from the court's denial of the motion; however, he may not challenge the severity of his sentence. If he is successful and judgment is vacated, the parties are returned to the status quo *ante*, and the defendant may renegotiate with the State, or not, without demeaning the plea-bargaining process. *Haley*, 315 Ill. App. 3d at 720. Because the defendant in *Haley* did not contest the trial court's ruling on his motion to withdraw, even though given the opportunity to do so, and sought review only of his sentence, he was not entitled to appellate review of his claim of excessive sentence. *Haley*, 315 Ill. App. 3d at 720.

Justice Holdridge believed that the presentment to the trial court of a motion to withdraw a defendant's guilty plea was sufficient under *Evans* and *Linder* to allow review of the defendant's sentence. He saw nothing in either case to require that the motion must have been granted by the trial court and, therefore, he dissented. *Haley*, 315 Ill. App. 3d at 720-21 (Holdridge J., dissenting).

We agree with the reasoning of the *Haley* majority. The rule has been well established that a defendant has no absolute right to withdraw a guilty plea and bears the burden of demonstrating to the trial court the necessity of withdrawing his plea. *People v. Chapple*, 291 Ill. App. 3d 574, 578-79 (1997). Moreover, we have held that, where the defendant has been meticulously advised of the consequences of his plea and has affirmatively acknowledged that he understands those consequences, he cannot legally complain on appeal merely because he is dissatisfied with the length of his sentence. See, *e.g.*, *People v. Fern*, 240 Ill. App. 3d 1031, 1042 (1993) (the admonitions given by the trial court before and after the plea cannot simply be disregarded); see also *People v. Hirsch*, 312 Ill. App. 3d 174, 180 (1st Dist. 2000); *People v. Cunningham*, 286 Ill. App. 3d 346, 349 (4th Dist. 1997).

As such, merely filing a proper motion to withdraw his partially negotiated guilty plea pursuant to Rule 604(d) and *Linder* does not automatically allow a defendant review of the severity of his sentence. The defendant must file a motion to withdraw his guilty plea and, as we stated above, convince the trial court that the motion should be granted to correct a manifest injustice. See *Pullen*, 192 Ill. 2d at 39. Here, defendant filed a motion to withdraw his guilty plea but did not convince the trial court that the motion should be granted to correct a manifest injustice.

### 3. Disparate Sentences Imposed Upon Codefendants

We next address defendant's disparate-sentencing claim. Generally, similarly situated defendants should not receive grossly disparate sentences; however, a mere disparity of sentences is not in and of itself a violation of fundamental fairness. *People v. Caballero*, 179 Ill. 2d 205, 216 (1997). While defendants similarly situated should not receive grossly disparate sentences, equal sentences are not required for all participants in the same crime. *People v. Godinez*, 91 Ill. 2d 47, 55 (1982); *People v. Eubanks*, 283 Ill. App. 3d 12, 25 (1996). A difference may be justified by the relative character and history of the codefendants, the degree of culpability, rehabilitative potential, or a more serious criminal record. *People v. Wolfe*, 156 Ill. App. 3d 1023, 1028 (1987). It is not the disparity that controls, but the reason for the disparity. *People v. Coustin*, 174 Ill. App. 3d 824, 827 (1988).

In this case, the codefendants and defendant were not similarly situated. Codefendant Weeks pleaded guilty to charges of home invasion and residential burglary and was sentenced to extended concurrent terms of 36 years' imprisonment for home invasion and 12 years' imprisonment for residential burglary. Codefendant Chanthaloth was acquitted of first-degree murder but was found guilty of home invasion and residential burglary. He was sentenced to an extended 40-year term of imprisonment for home invasion and a consecutive 4-year term of imprisonment for residential burglary. Only defendant was convicted of first-degree murder. Consequently, his disparate sentence is justified.

The judgment of the circuit court of Ogle County is affirmed.

Affirmed.

McLAREN and GILLERAN JOHNSON, JJ., concur.