No. 2--03--1141

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Ogle County.

)

Plaintiff-Appellee, )

)

v. ) No. 95--CF--47

)

JAYSON D. SPRIGGLE, ) Honorable

) Stephen C. Pemberton,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered 
the
 opinion of 
the
 court:

This is 
the
 third direct appeal by 
defendant
, Jayson D. Spriggle, 
from his convictions of first-degree murder and home invasion and his sentences of 60 years' imprisonment and 6 years' imprisonment, to run consecutively, entered pursuant to a partially negotiated plea agreement.  Defendant appeals 
the
 trial court's order denying his motion to withdraw his guilty plea as well as
 the
 
order dismissing his postconviction petition.  We affirm.

BACKGROUND

Pursuant to a partially negotiated guilty plea, defendant pleaded guilty to 
the
 offenses of first-degree murder (720 ILCS 5/9--1(a)(3) (West 1994))
, home invasion (720 ILCS 5/12--11(a)(2) (West 1994))
, and residential burglary (720 ILCS 5/19--3 (West 1994)).  In exchange for his plea, the State, 
inter
 
alia
, agreed not to seek 
the
 death penalty.  The circuit court of Ogle County entered convictions on 
the
 charges of first-degree murder and home invasion, and sentenced defendant to 60 years' imprisonment for first-degree murder and a consecutive term of 6 years' imprisonment for home invasion
.
  The court later vacated 
the
 home invasion conviction, finding it to be a lesser-included offense of first-degree murder.  Defendant thereafter moved to reconsider his sentence, which 
the
 court denied, and defendant appealed.  On appeal, we held that, because 
defendant
 entered a partially negotiated guilty plea, he could not file a motion to reconsider his sentence but was required to file a motion to withdraw his plea and vacate 
the
 judgment as a prerequisite to appeal.  We remanded 
the
 cause to 
the
 trial court for further proceedings, however, because 
defendant
 was misadvised by 
the
 trial court of 
the
 need to file a motion to withdraw his plea.  
People v. Spriggle
, No. 2--97--0533 (1999) (unpublished order pursuant to Supreme Court Rule 23).  On remand, 
defendant
 filed a postconviction petition, a motion to reconsider his sentence, and a motion to withdraw his plea.  The trial court dismissed 
the
 postconviction petition and motion to reconsider the sentence, and denied 
the
 motion to withdraw 
the
 plea.  Defendant appealed and we reversed 
the
 order denying 
defendant
's motion to withdraw his plea and remanded for further proceedings based this time on defense counsel's failure to file a Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificate.  
People v. Spriggle
, No. 2--01--0471 (2002) (unpublished order pursuant to Supreme Court Rule 23)
.

On remand, 
defendant
 filed a motion to withdraw his plea, a motion for reconsideration of his sentence, and a postconviction petition.  The trial court dismissed 
defendant
's motion to reconsider his sentence, on 
the
 basis that 
the
 plea was negotiated as to a sentence cap, which precluded 
defendant
 from bringing a motion to reconsider his sentence.  In his postconviction petition and his motion to withdraw his plea, d
efendant
 argued that he should be permitted to withdraw his plea or have 
the
 sentence reduced because (1) his plea was based on a misapprehension of 
the
 law, as 
defendant
 was led to believe that he would be allowed to challenge his sentence by filing a motion to reconsider the sentence and would not be forced to withdraw his plea; (2) 
the
 sentence was grossly disproportionate to 
the
 sentences of 
his
 codefendants; and 
(3) the
 sentence was excessive in that it failed to reflect 
defendant
's rehabilitative potential.  The trial court dismissed 
the
 postconviction petition and 
denied the
 motion to withdraw 
the
 plea.  With respect 
to 
the
 claim that 
the
 plea was based on a misapprehension of law, 
the
 court 
concluded that 
defendant
's contention that he believed he could challenge his sentence as excessive through a motion to reconsider the sentence was contradicted by 
the
 evidence that 
defendant
 acknowledged that he could receive up to a natural life sentence when he entered his plea.  The court further found that, although it originally misadvised 
defendant
 that he had 
the
 right to challenge his sentence through a motion to reconsider the sentence, and counsel may have done 
the
 same, 
the
 court's admonishments were issued after 
defendant
 had already entered his plea, and 
the
 misinformation conveyed by counsel and 
the
 court did not prejudice 
defendant
, since he could still attack his sentence through a motion to withdraw 
the
 plea.  With respect to 
defendant
's claim that 
the
 sentence was excessive, 
the
 court did not dispute that an excessive sentence could be grounds to allow withdrawal of a plea, but it found that 
defendant
's sentence was not excessive.  Finally, 
with respect to 
defendant
's disparate-sentencing claim, 
the
 court concluded 
that 
defendant
's sentence could not be compared to 
the
 sentences of his codefendants because 
defendant
, unlike his codefendants, was convicted of first-degree murder.  Thereafter, 
defendant filed a timely notice of appeal.

ANALYSIS

On appeal, defendant argues that: (1)
 the trial court erred in denying his motion to withdraw his guilty plea because he reasonably believed that it was based on a misapprehension of law or facts
; (2) he is entitled to withdraw his plea because 
the
 60-year sentence is excessive; 
and (3) 
the
 trial court erred in failing to find that his sentence is grossly disparate to 
the
 sentences imposed upon his codefendants.

1. Withdrawal of Guilty Plea Based on Misapprehension of Law

We first address defendant's argument that 
the
 trial court abused its discretion in denying his motion to withdraw his guilty plea based upon a misapprehension of law.  Specifically, 
at 
the
 time he entered his plea, 
defendant
 believed that 
he could challenge his sentence following 
the
 entry of his negotiated guilty plea, without seeking to withdraw his plea, and he asserts that he would not have pled guilty had he been advised that by pleading guilty he was surrendering his rights to challenge as excessive
 any sentence within 
the
 agreed-upon range.

Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice under 
the
 facts involved.  
People v. Pullen
, 192 Ill. 2d 36, 39 (2000).  Generally, 
the
 decision whether to allow a 
defendant
 to withdraw a guilty plea under Rule 604(d) (188 
Ill. 2d
 R. 604(d)) is left to 
the
 discretion of 
the
 trial court. 
 
Pullen
, 192 
Ill. 2d
 at 40.  A defendant may seek to withdraw his or her guilty plea on the grounds that the plea was entered based on a misapprehension of fact or of 
the
 law, or if there is doubt of 
the
 guilt of 
the
 accused and 
the
 ends of justice would better be served by 
submitting 
the
 case to a trial.
  
Pullen
, 192 Ill. 2d at 40
; 
People v. Canterbury
, 313 
Ill. App. 3d
 914, 918 (2000).  "In 
the
 absence of substantial objective proof showing that a 
defendant
's mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea."  
People v. Artale
, 244 
Ill. App. 3d
 469, 475 (1993).  The defendant bears the burden of proving that his or her mistaken impression was objectively reasonable under the circumstances existing 
at the time of the plea
.  
People v. Hale
, 82 Ill. 2d 172, 176 (1980).  
A proper and meticulous admonition of 
the
 
defendant
 according to Supreme Court Rule 402(a) (177 
Ill. 2d
 R. 402(a)) cannot simply be ignored.  
People v. Radunz
, 180 
Ill. App. 3d
 734, 741 (1989).

Defendant
 attempts to link 
the
 voluntariness of his guilty plea to faulty advice given by his attorney prior to the
 plea and to later erroneous admonitions given by the trial court about his appellate rights
.  However, 
we do not find that 
the
 plea was not voluntarily made.  At 
the
 guilty plea hearing,
 
defendant
 acknowledged that he understood that by pleading guilty he would be sentenced to a minimum of 20 years' imprisonment on his first-degree murder conviction, was eligible for extended-term sentencing, and could be sentenced to natural life imprisonment.  The record reflects that defendant entered his pleas of guilty of his own free will and against 
the
 advice of his counsel.  The record also reflects, and 
defendant
 does not contend otherwise, that 
the
 trial court carefully admonished him pursuant to Rule 402(a) and determined that his plea was voluntary.

Later, at 
defendant
's sentencing hearing, 
the
 trial court erroneously admonished 
defendant
 that he could move either 
to withdraw his plea or to reconsider his sentence.  Defendant now contends that he was prejudiced by this later erroneous admonishment because, in reliance upon 
it
, he reasonably believed that he could challenge his sentence without moving to withdraw his guilty plea and would not have entered his plea had he known he could not challenge his sentence as excessive.  Defendant testified at 
the
 hearing on his motion to withdraw his guilty plea that he was misinformed by his counsel about 
the
 requirements necessary to successfully withdraw his guilty plea.  Although defendant believes that this was a material consideration in his decision to enter into a plea bargain, he acknowledges that Rule 402(a) did not require 
the
 trial court to advise
 
defendant
 that, by pleading guilty in exchange for a sentencing cap, he waived his right to challenge his sentence as excessive.

Defendant argues that due process and fairness dictate that he should be allowed to withdraw his guilty plea because of 
the
 affirmative misrepresentation made regarding 
the
 consequences of pleading guilty.  We find this argument unavailing given 
the
 facts of this case and 
the
 requirements of Rule 402(a).  Defendant concedes that at 
the
 time of his guilty plea, which occurred prior to 
the
 supreme court decision of 
People v. Linder
, 
186 
Ill. 2d
 67 (1999), the
 then-existing law allowed 
defendant
 to challenge his sentence as excessive by filing a motion to reconsider sentence.  See, 
e.g.
, 
People v. Wilson
, 286 
Ill. App. 3d
 169, 172 (1997).  Furthermore, although his counsel's advice and 
the
 trial court's admonishments at sentencing were erroneous after 
Linder
, 
the
 record does not support 
defendant
's characterization of 
the
 admonishments as "affirmative misrepresentation[s]" within 
the
 meaning of 
People v. Correa
, 108 
Ill. 2d
 541, 551-52 (1985) (unequivocal, erroneous, misleading representations made by counsel to defendant in response to 
defendant
's specific inquiry regarding deportation, the accuracy of which counsel could have ascertained before pleas were entered).

At 
the
 time of his guilty plea, 
defendant
 affirmatively indicated that he understood 
the
 proceedings related to his plea as well as 
the
 possible range of sentences.  Defendant stated that he understood that, in exchange for his plea of guilty to first-degree murder, one count of home invasion, and one count of residential burglary, 
the
 State would dismiss four other charges against him and would not seek 
the
 death penalty.  Defendant indicated that he understood that 
the
 minimum sentence on his first-degree murder conviction was 20 years' imprisonment and that he could be sentenced to an extended term of up to 100 years.  Following 
the
 court's Rule 402(a) admonishments, 
defendant
 persisted in pleading guilty despite his counsel's advice otherwise.  The trial court found 
defendant
's argument that, at 
the
 time 
he
 entered his plea of guilty, he believed that he could challenge his sentence as excessive to be unfounded based upon the fact that the court's faulty admonishment came after the entry of the plea agreement.  
Defendant testified that he was also defectively admonished by his attorney, but a trial court is not required to accept a 
defendant
's testimony related to his motion to withdraw a guilty plea.  
People v. Murphy
, 248 
Ill. App. 3d
 42, 49 (1993).  
Defendant has not established that the trial court's determination that defendant's misapprehension of the law was not justified was an abuse of discretion.

Nor has 
defendant
 demonstrated that he suffered any prejudice 
concerning his claimed misapprehension of his ability to challenge his sentence as excessive.  Defendant contends that his sentence is excessive in that 
the
 trial court gave improper consideration and weight to 
the
 offense, his age, his background, and his rehabilitative potential.  Merely asking this court to balance factors in aggravation and mitigation that were previously considered by 
the
 trial court at sentencing would not change 
the
 outcome of 
defendant
's case.  See 
People v. Streit
, 142 
Ill. 2d
 13, 19 (1991) (a reviewing court must not substitute its judgment as to sentence for that of 
the
 trial court merely because it would have weighted factors in aggravation and mitigation differently).  Based on this record, we determine that 
the
 trial court did not abuse its discretion by denying 
defendant
's motion to withdraw his guilty plea, because we do not believe the sentence to be excessive.  Having determined that the sentence was not excessive, we also determine that there could be no prejudice arising from defendant's claimed misapprehension of the law.

2. Challenging 
the
 Severity of Sentence Pursuant to Withdrawal of Partially Negotiated Guilty Plea

We next review defendant's challenge of 
the
 severity of his 60-year sentence.  Defendant, relying on 
the
 dissenting opinion of Justice Holdridge in 
People v. Haley
, 315 
Ill. App. 3d
 717, 720-21 (3rd Dist. 2000) (Holdridge, J., dissenting), maintains that, because he filed a
 proper motion to withdraw his partially negotiated guilty plea
 pursuant to Supreme Court Rule 604(d) and 
the
 supreme court's opinion of 
Linder
, 
it automatically allows appellate review of 
the
 severity of his sentence
.  
We disagree with 
defendant
's argument
 and decline to follow Justice Holdridge's dissenting opinion, although we considered the excessiveness of defendant's sentence in the preceding section of this disposition
.

In 
Haley
, 
the
 court considered whether 
the
 
defendant
, who filed a proper Rule 604(d) motion to withdraw his guilty pleas
, could challenge 
the
 severity of his previously capped sentence on appeal
.  There
, 
the
 court noted 
the
 well-established rule in 
People v. Evans
, 174 
Ill. 2d
 320, 324 (1996), that a 
defendant
 who enters a fully negotiated guilty plea may not challenge 
the
 severity of his sentence without first moving to withdraw his guilty plea and vacate 
the
 judgment pursuant to Rule 604(d).  T
he
 
Haley
 court noted that 
the
 significance of 
the
 plea-bargaining process was an important aspect of 
the
 
Evans
 court's rationale in holding that a 
defendant
 who enters a negotiated guilty plea should not be allowed to hold 
the
 State to its part of 
the
 plea bargain 
while unilaterally obtaining reconsideration of 
the
 negotiated sentence.  
Haley
, 315 
Ill. App. 3d
 at 719, citing 
Evans
, 174 
Ill. 2d
 at 326-27.  As 
the
 
Evans
 court observed: "[Entering a guilty plea] is 
not
 a 'temporary and meaningless formality reversible at 
the
 
defendant
's whim.'  [Citations.]  Consequently, leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice."  (Emphasis in original.)  
Evans
, 174 
Ill. 2d
 at 326, quoting 
United States v. Barker
, 514 F.2d 208, 221 (D.C. Cir. 1975).

The 
Haley
 court further observed that the rule in 
Evans
 was subsequently extended to partially negotiated agreements with sentencing caps in 
Linder
, 186 
Ill. 2d
 at 74.  There, 
two 
defendant
s failed to move to withdraw their guilty pleas before seeking reconsideration of their sentences.  The 
Linder
 court dismissed 
the
 appellate court's reasoning that, by agreeing to a sentencing cap, 
the
 
defendants
 effectively agreed not to challenge as excessive any sentence imposed within 
the
 capped range.  
Linder
, 186 
Ill. 2d
 at 74.  Thus, 
the
 
Haley
 court concluded that, once 
the
 court imposes a sentence within 
the
 capped range, 
the
 
defendant
 must move to withdraw his plea and vacate 
the
 judgment
, if he believes that 
the
 sentence is excessive, 
so as to place 
the
 parties in 
the
 status quo 
ante
.  
Haley
, 315 Ill. App. 3d at 719, citing 
Evans
, 174 
Ill. 2d
 at 332.

Because the 
defendant
 in 
Haley
 filed a proper Rule 604(d) motion to withdraw his pleas, unlike those considered in 
Linder
, he argued that he had therefore satisfied 
the
 
Evans
-
Linder
 requirement and could proceed to challenge 
the
 severity of his sentence on appeal.  The 
Haley
 court disagreed.  
Haley
, 315 
Ill. App. 3d
 at 719.  The court found that 
the
 position assumed by 
the
 
defendant
 would do nothing to encourage plea bargaining and was "steeped in potential for abuse."  
Haley
, 315 
Ill. App. 3d
 at 720.  The court observed, "if 
the
 mere 
pro
 
forma
 act of filing a motion to withdraw were all it took to repudiate a plea agreement and obtain review of 
the
 severity of a negotiated sentence, 
the
 supreme court would have accomplished very little in deterring 
the
 kind of 'heads-I-win-tails-you-lose' gamesmanship decried by 
the
 court in 
Evans
."  (Emphasis omitted.) 
 Haley
, 315 
Ill. App. 3d
 at 720.

Consequently, 
Haley
 concluded that 
Evans
 requires that a 
defendant
 dissatisfied with his negotiated or capped sentence must not only (1) file a motion to 
withdraw his guilty plea, but must also (2) convince 
the
 
trial court that 
the
 motion should be granted to correct a manifest injustice.
  If 
the
 motion is unsuccessful, 
the
 
defendant
 may appeal from 
the
 court's denial of 
the
 motion; however, he may not challenge 
the
 severity of his sentence.  If he is successful and judgment is vacated, 
the
 parties are returned to 
the
 status quo 
ante
, and 
the
 
defendant
 may renegotiate with 
the
 State, or not, without demeaning 
the
 plea-bargaining process.  
Haley
, 315 
Ill. App. 3d
 at 720.  Because 
the
 
defendant
 in 
Haley
 did not contest 
the
 trial court's ruling on his motion to withdraw, even though given 
the
 opportunity to do so, and sought review only 
of his sentence, he was not entitled to appellate review of his claim of excessive sentence.  
Haley
, 315 
Ill. App. 3d
 at 720.

Justice Holdridge believed that 
the
 presentment to 
the
 trial court of a motion to withdraw a 
defendant
's guilty plea was sufficient under 
Evans
 and 
Linder
 to allow review of 
the
 defendant
's sentence.  He saw nothing in either case to require that 
the
 motion must have been granted by 
the
 trial court and, therefore, he dissented.  
Haley
, 315 
Ill. App. 3d
 at 720-21 (Holdridge J., dissenting).

We agree with 
the
 reasoning of 
the
 
Haley
 majority.  The rule has been well established that a defendant has no absolute right to withdraw a guilty plea and bears the burden of demonstrating to the trial court the necessity of withdrawing his plea.  
People v. Chapple
, 291 Ill. App. 3d 574, 578-79 (1997).  
Moreover, we have held that
, where 
the
 
defendant
 has been meticulously advised of 
the
 consequences of his plea and has affirmatively acknowledged that he understands those consequences, he cannot legally complain on appeal merely because he is dissatisfied with 
the
 length of his sentence.  
See, 
e.g.
, 
People v. Fern
, 240 
Ill. App. 3d
 1031, 1042 (1993) (the admonitions given by the trial court before and after the plea cannot simply be disregarded); see also 
People v. Hirsch
, 312 
Ill. App. 3d
 174, 180 (1st Dist. 2000); 
People v. Cunningham
, 286 
Ill. App. 3d
 346, 349 (4th Dist. 1997).

As such, merely filing a proper motion to withdraw his partially negotiated guilty plea pursuant to Rule 604(d) and 
Linder
 does not automatically allow 
a defendant
 review of 
the
 severity of his sentence.  The d
efendant
 must file a motion to withdraw his guilty plea and, as we stated above, convince 
the
 trial court that 
the
 motion should be granted to correct a manifest injustice.  See 
Pullen
, 192 
Ill. 2d
 at 39.  Here, defendant filed a motion to withdraw his guilty plea but did not convince 
the
 trial court that 
the
 motion should be granted to correct a manifest injustice.

3. Disparate Sentences Imposed Upon Codefendants

We next address defendant's disparate-sentencing claim
.  
Generally, similarly situated 
defendant
s should not receive grossly disparate sentences; however, a mere disparity of sentences is not in and of itself a violation of fundamental fairness.  
People v. Caballero
, 179 
Ill. 2d
 205, 216 (1997).  While 
defendant
s similarly situated should not receive grossly disparate sentences, equal sentences are not required for all participants in 
the
 same crime.  
People v. Godinez
, 91 
Ill. 2d
 47, 55 (1982); 
People v. Eubanks
, 283 
Ill. App. 3d
 12, 25 (1996).  A difference may be justified by 
the
 relative character and history of 
the
 codefendants, 
the
 degree of culpability, rehabilitative potential, or a more serious criminal record.  
People v. Wolfe
, 156 
Ill. App. 3d
 1023, 1028 (1987).  It is not 
the
 disparity that controls, but 
the
 reason for 
the
 disparity.  
People v. Coustin
, 174 
Ill. App. 3d
 824, 827 (1988).

In this case, 
the
 codefendants and 
defendant
 were not similarly situated.  Codefendant Weeks pleaded guilty to charges of home invasion and residential burglary and was sentenced to extended concurrent terms of 36 years' imprisonment for home invasion and 12 years' imprisonment for residential burglary.  Codefendant Chanthaloth was acquitted of first-degree murder but was found guilty of home invasion and residential burglary.  He was sentenced to an extended 40-year term of imprisonment for home invasion and a consecutive 4-year term of imprisonment for residential burglary.  Only 
defendant
 was convicted of first-degree murder.  Consequently, his disparate sentence is justified.

The judgment of the circuit court of Ogle County is affirmed
.

Affirmed.

McLAREN and GILLERAN JOHNSON, JJ., concur.