NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220778-U

NO. 4-22-0778

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 18, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| ANDREW K. WILLIAMS, | ) | No. 10CF2976 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert Randall Wilt, |
| | ) | Judge Presiding. |

_____

JUSTICE LANNERD delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in summarily dismissing the defendant's *pro se* postconviction petition.

¶ 2    The trial court summarily dismissed defendant Andrew K. Williams's postconviction petition as frivolous and patently without merit at the first stage of postconviction proceedings. Defendant appeals the dismissal, arguing his petition states the gist of a claim that his sentence violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    In October 2010, the State charged defendant by indictment with four counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) and six counts of aggravated criminal sexual abuse (*id.* § 12-16(c)(1)(i)). In the indictment, the State alleged

defendant committed acts of sexual penetration and sexual conduct against a seven-year-old girl between June 2009 and August 2009.

¶ 5         On defense counsel's motion, a clinical psychologist was appointed to evaluate defendant's fitness to stand trial. The evaluation showed defendant had been diagnosed with a learning disability, had difficulty reading and writing, and dropped out of school in the ninth grade. The clinical psychologist opined, however, defendant was fit to stand trial. Despite any impairments, he understood the charges and the nature of the proceedings and was capable of communicating with his attorney. Based on the evaluation, the trial court found defendant fit to stand trial.

¶ 6         The parties subsequently entered into a partially negotiated plea agreement whereby defendant agreed to plead guilty to one count of predatory criminal sexual assault of a child and the State agreed to nol-pros the remaining counts and to a sentencing cap of 32 years' imprisonment. At the guilty plea hearing, defendant indicated that he understood the sentencing range under the plea agreement and that he would be required to serve 85% of his sentence in prison. The trial court informed defendant the sentencing range for the offense would be 6 to 60 years' imprisonment without an agreement. In response to the court's questioning, defendant stated he understood his rights, his sentence would be no more than 32 years, and he could not withdraw his guilty plea if he did not like a sentence imposed within the sentencing range. The State recited a factual basis for the offense, including an inculpatory statement from defendant, the victim's statement, and the findings of a medical examination consistent with the allegations. After admonishing defendant on his rights, the court accepted his guilty plea.

¶ 7         At sentencing, the trial court stated it reviewed the presentence investigation report (PSI), considered the factors in mitigation and aggravation, and considered defendant's statement

in allocution. The PSI indicated defendant was 17 years old at the time of the offense and had suffered abuse. Defendant's male cousin beat him when he was eight years old, and defendant attempted suicide around that time. He was diagnosed with attention deficit/hyperactivity disorder at a young age and with learning disabilities in grade school, and he dropped out of school in the ninth grade. Defendant had also abused alcohol and marijuana since age 11. The court addressed defendant's learning disabilities and his alcohol and drug abuse but concluded those problems did not excuse his actions. The court also noted the harm to the victim and that defendant was in a position of trust as the child's babysitter. In sentencing defendant, the court emphasized the severity of the crime, the harm to the seven-year-old victim, and the danger to the community as a result of defendant's lack of insight into the reasons for the offense. Based on all of the circumstances, the court sentenced defendant to 30 years in prison.

¶ 8        Defendant subsequently filed a *pro se* motion to withdraw his guilty plea, alleging ineffective assistance of counsel. The trial court appointed conflict counsel, who filed an amended motion, which the court denied.. Defendant appealed, and the appellate court granted his motion for summary remand for counsel to file a proper certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). *People v. Williams*, No. 2-14-0211 (2015) (unpublished summary order under Illinois Supreme Court Rule 23I).

¶ 9        On remand, defendant filed another *pro se* motion to withdraw his guilty plea and vacate his sentence. The trial court appointed new conflict counsel and granted counsel's motion for the appointment of a clinical psychologist to examine defendant again for fitness. The fitness evaluation indicated defendant had an intelligence quotient of 53 on the Wechsler Intelligence Scale and he repeated first grade three times. Based on defendant's answers to questions about the

legal system, the clinical psychologist, nonetheless, concluded defendant understood the plea agreement and was fit. The court agreed and found defendant fit.

¶ 10    Following the trial court's ruling on fitness, defendant's appointed counsel filed a Rule 604(d) certificate and a second amended motion to withdraw defendant's guilty plea or reduce his sentence as excessive. The court denied defendant's motion, concluding that he knowingly and voluntarily waived his rights and pled guilty and that the sentence was not excessive.

¶ 11    On appeal, the appellate defender moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967). *People v. Williams*, No. 2-18-1022 (2021) (unpublished summary order under Supreme Court Rule 23(c)). The appellate court granted the motion, finding the record showed defendant understood the plea agreement and it would be frivolous to argue that the trial court erred in denying his motion to withdraw the guilty plea. *Id.* ¶ 15. Further, defendant could not challenge his sentence imposed under the sentencing cap in the plea agreement as excessive without first withdrawing his guilty plea. *Id.* ¶ 16 (citing *People v. Spriggle*, 358 Ill. App. 3d 447, 454-55 (2005)). The trial court's judgment was, therefore, affirmed. *Id.* ¶ 19.

¶ 12    Defendant then filed the *pro se* postconviction petition at issue in this appeal, claiming his sentence violated the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The trial court summarily dismissed the petition as frivolous and patently without merit in a written order. The court ruled, in pertinent part, defendant's voluntary guilty plea resulted in waiver of all nonjurisdictional claims, including constitutional errors, and defendant had effectively agreed not to challenge as excessive any sentence below the 32-year cap in the negotiated plea agreement. Defendant filed a timely notice of appeal.

- 4 -

¶ 13                                    II. ANALYSIS

¶ 14           On appeal, defendant argues the trial court erred in summarily dismissing his

postconviction petition because it sets forth an arguable claim that his 30-year prison sentence

violates the proportionate penalties clause of the Illinois Constitution (*id.*). Defendant notes the

law on juvenile sentencing has changed significantly in the decade since he was sentenced. The

changes in the law mark a shift in the evolving standard on juvenile sentencing and reflect an

understanding juveniles are categorically less culpable than adults. Thus, a sentence imposed on a

juvenile which may not have shocked the conscience of the community 10 years ago may meet

that standard now.

¶ 15           Defendant contends it is at least arguable he would have received a lesser sentence

had the sentencing court been required to consider the mitigating circumstances of youth, as now

required when sentencing juveniles. Here, the court did not mention defendant was 17 years old at

the time of the offense. The record also shows defendant has a learning disability, was abused by

his cousin, and started drinking alcohol and smoking marijuana at age 11. Defendant concludes he

has presented an arguable claim his 30-year sentence violates the proportionate penalties clause as

applied to him.

¶ 16           The State responds defendant waived all nonjurisdictional errors, including

constitutional claims, by entering the voluntary guilty plea. Further, defendant agreed to a

sentencing cap as part of the negotiated plea agreement. Thus, he effectively agreed not to

challenge as excessive any sentence imposed within the range provided by the sentencing cap in

the plea agreement. The State argues that defendant cannot now challenge his sentence imposed

in compliance with the sentencing range in the plea agreement.

¶ 17 The State also argues defendant failed to raise an arguable claim his sentence violates the proportionate penalties clause as applied to him. Specifically, the trial court appropriately considered all of the information presented in the PSI, including defendant's age, his personal history, his learning disability, and his drug and alcohol abuse. Further, the court's sentence was appropriate given the seriousness of the offense and all other factors. The State concludes the postconviction petition was properly dismissed at the first stage of the proceedings because defendant failed to raise an arguable claim his sentence for predatory criminal sexual assault of a child shocks the conscience of the community.

¶ 18 The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a method for a criminal defendant to assert a conviction resulted from the " 'substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.' " *People v. Eubanks*, 2021 IL 126271, ¶ 29 (quoting 725 ILCS 5/122-1(a)(1) (West 2018)). Postconviction proceedings are adjudicated in a three-stage process. *People v. Johnson*, 2018 IL 122227, ¶ 14.

¶ 19 In this case, defendant's postconviction petition was dismissed at the first stage of the proceedings. At the first stage, the trial court reviews the petition independently and determines whether it is frivolous or patently without merit. *Id.* The trial court may summarily dismiss a petition as frivolous or patently without merit if it has "no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition lacks an arguable basis if it is premised on a fanciful factual allegation or an indisputably meritless legal theory, such as one completely contradicted by the record. *Id.* The summary dismissal of a postconviction petition is reviewed *de novo*. *People v. Hatter*, 2021 IL 125981, ¶ 24.

¶ 20        The State relies upon our supreme court's recent decision in *People v. Jones*, 2021 IL 126432, in support of its argument defendant is foreclosed from raising his proportionate penalties challenge to his sentence. In *Jones*, the defendant was charged with eight counts of first degree murder, two counts of armed robbery, one count of residential burglary, and one count of home invasion. *Id.* ¶ 3. The defendant was 16 years old at the time of the offenses in 1999. *Id.* The defendant confessed to entering the home of an elderly couple he considered to be his great-aunt and great-uncle, stealing a purse and a lockbox, and killing the couple with a knife. *Id.*

¶ 21        The defendant entered into a fully negotiated plea agreement, pleading guilty to one count of first degree murder, one count of residential burglary, and two counts of armed robbery in exchange for dismissal of the remaining charges. *Id.* ¶ 4. The agreement provided for concurrent prison terms of 50 years for murder, 30 years for each armed robbery count, and 15 years for residential burglary. *Id.* After finding the guilty plea knowing and voluntary, the trial court entered judgment in accordance with the terms of the plea agreement. *Id.* ¶¶ 4-5.

¶ 22        In a successive postconviction petition, the defendant subsequently argued a provision automatically transferring certain juvenile cases to adult criminal court and a provision in the Illinois truth-in-sentencing statute requiring him to serve every day of his sentence were unconstitutional under the principles announced in *Miller v. Alabama*, 567 U.S. 460 (2012), *Graham v. Florida*, 560 U.S. 48 (2010), and *Roper v. Simmons*, 543 U.S. 551 (2005). The trial court denied the defendant's motion for leave to file his successive petition, and the appellate court affirmed. *Jones*, 2021 IL 126432, ¶¶ 7-10.

¶ 23        On appeal, our supreme court considered an issue of first impression in Illinois: whether the defendant's guilty plea, entered when he was a juvenile, precluded him from raising his *Miller* claim. Our supreme court held the defendant " 'foreclose[d] any claim of error' " by

entering into the plea agreement, asserting " ' "[i]t is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, *including constitutional ones*." ' " (Emphasis in original.) *Id.* ¶ 20 (quoting *People v. Sophanavong*, 2020 IL 124337, ¶ 33, quoting *People v. Townsell*, 209 Ill. 2d 543, 545 (2004)). Our supreme court explained that "[f]undamentally, plea agreements are contracts, and principles of waiver apply equally to them." *Id.* ¶ 21. A classic guilty plea allows a defendant to gain a present benefit in return for the risk of forgoing future favorable legal developments. *Id.* ¶ 21. After noting the defendant entered the plea to avoid a potential, not a certain, life sentence, the court concluded the defendant's knowing and voluntary guilty plea resulted in the waiver of any constitutional challenge based on subsequent changes to the applicable law. *Id.* ¶ 26.

¶ 24        Our supreme court further observed the trial court was not required to accept the fully negotiated plea agreement if it determined the factual basis was insufficient, the plea was involuntary or unintelligent, or the agreed-upon 50-year sentence was excessive. The trial court exercised its discretion in accepting the plea agreement. *Miller* was, therefore, inapplicable because it applies only when a trial court lacks, or refuses to exercise, discretion in sentencing a juvenile offender to a life sentence. The trial court, therefore, did not err in denying the defendant's motion for leave to file his successive postconviction petition. *Id.* ¶¶ 27-28.

¶ 25        Here, in response to the State's argument based on *Jones* defendant's plea agreement with a negotiated sentencing cap forecloses his proportionate penalties challenge, defendant only contends *Jones* is arguably distinguishable because it involved a fully negotiated plea agreement and defendant's agreement was partially negotiated with a sentencing cap. However, defendant does not explain how this distinction changes the analysis. We find defendant's attempt to distinguish *Jones* unpersuasive. It is undisputed the sentencing cap at issue

here was negotiated by the parties and was an essential part of the plea agreement. Defendant was sentenced in accordance with the sentencing range provided in the negotiated plea agreement. As explained in *Jones*, a plea agreement is a contract, and waiver principles apply. *Id.* ¶ 21.

¶ 26 Additionally, as the State argues, this court has long held when a plea agreement includes a sentencing cap, the defendant "effectively agrees not to challenge as excessive any sentence imposed within the capped range." *People v. Haley*, 315 Ill. App. 3d 717, 719 (2000) (citing *People v. Linder*, 186 Ill. 2d 67, 74 (1999)). In *Linder*, our supreme court stated, "[b]y agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *Linder*, 186 Ill. 2d at 74. The Second District relied on this line of cases in denying defendant's challenge to his sentence as excessive on direct appeal. *Williams*, No. 2-18-1022 (2021), ¶ 16 (citing *Spriggle*, 358 Ill. App. 3d at 454-55). Defendant does not attempt to distinguish those cases or offer any argument in response.

¶ 27 Taken together, the cases emphasize the contractual nature of plea agreements. By entering into the partially negotiated plea agreement with a sentencing cap, defendant agreed not to challenge his sentence imposed in compliance with that agreement. After receiving the benefits of the agreement, including the dismissal of nine charges and a significantly reduced sentencing range on the remaining charge, defendant cannot now raise a proportionate penalties challenge to his sentence imposed within the negotiated sentencing range without first withdrawing his guilty plea.

¶ 28 As in *Jones*, the trial court was not required to accept the negotiated plea agreement if the factual basis was insufficient, the plea was involuntary or unintelligent, or the agreed-upon sentencing cap was excessive. See *Jones*, 2021 IL 126432, ¶ 27. Additionally, absent

misrepresentation or other impermissible conduct by the State, a voluntary and intelligent guilty plea made in light of the then-applicable law is not subject to challenge based on subsequent changes in the law. *Id.* ¶ 23 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). Defendant's guilty plea was found to be knowing and voluntary when it was made and again when he later moved to withdraw the guilty plea. In the fitness evaluation on the motion to withdraw his guilty plea, the clinical psychologist found defendant understood the plea agreement and was fit. The trial court denied defendant's motion to withdraw his guilty plea, finding he knowingly and voluntarily waived his rights and pled guilty. On direct appeal, the Second District affirmed the denial of defendant's motion to withdraw his guilty plea, stating the record showed defendant understood the plea agreement and any argument the trial court erred in denying the motion to withdraw the guilty plea would be frivolous. *Williams*, No. 2-18-1022 (2021), ¶ 15. Thus, the guilty plea based on the negotiated plea agreement has been held to be knowing and voluntary.

¶ 29 In sum, defendant waived his challenge to his sentence by entering his knowing and voluntary guilty plea based on the negotiated plea agreement. We therefore conclude defendant is foreclosed from raising his sentencing claim in this case. Defendant has failed to establish an arguable legal basis for his claim sufficient to survive summary dismissal. Accordingly, the trial court did not err in dismissing the postconviction petition at the first stage of the proceedings.

¶ 30                                    III. CONCLUSION

¶ 31            For the reasons stated, we affirm the trial court's judgment.

¶ 32            Affirmed.