962 N.E.2d 1182 (2011)
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Jorge A. GUZMAN, Defendant-Appellant.
No. 3-09-0464.
Appellate Court of Illinois, Third District.
December 20, 2011.
*1183 Peter A. Carusona, Deputy Defender, Office of the State Appellate Defender, Carrie B. Stevens (Court appointed), Law Offices of Catherine Burkey, Grand Junction, CO, for Jorge A. Guzman.
Terry A. Mertel, Deputy Director, State's Attorneys Appellate Prosecutor, James Glasgow, State's Attorney, Thomas D. Arado, State's Attorneys Appellate Prosecutor, Ottawa, for People.

OPINION
Justice LYTTON delivered the judgment of the court, with opinion.
¶ 1 Defendant, Jorge Guzman, was indicted for the offense of aggravated possession of stolen firearms (720 ILCS 5/16-1(a)(1) (West 2008)) and entered a negotiated guilty plea. On appeal, defendant argues that the trial court erred in denying his motion to withdraw his guilty plea because he was not informed of the potential immigration consequences of his conviction. We reverse and remand.
¶ 2 At the plea hearing, the State provided a factual basis in which it was shown that defendant was in possession of stolen firearms. The trial court then asked defendant, "[I]s that what happened?" Defendant *1184 responded, "[N]ot really." The court recessed to allow defendant to talk to counsel. When the hearing continued, the court asked if defendant agreed to the provided factual basis. Defendant said that he did and that he was mistaken in his earlier answer. The court accepted defendant's plea.
¶ 3 The case then proceeded directly to sentencing. Prior to rendering the sentence, the trial court asked defendant if he was a United States citizen, and defendant stated that he was a resident. Specifically, the following discussion took place:
"THE COURT: Is he a U.S. citizen?
DEFENDANT: Yes, sir.
THE COURT: You are?
DEFENDANT: I'm sorry. I'm a permanent legal resident."
¶ 4 The court sentenced defendant to four years' imprisonment with the recommendation that he be placed in the impact incarceration program.
¶ 5 On March 6, 2009, defendant filed a motion to withdraw his guilty plea. At the hearing, counsel argued that defendant's guilty plea was involuntary because the trial court failed to admonish him under section 113-8 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-8 (West 2008)) of the legal immigration consequences he faced if he pled guilty:
"MS. TISDALE [defense counsel]: * * * [T]he language of 725 ILCS 5/113-A [sic], is that if you are not a citizen of the United state, [sic] you're hereby advised that thethat conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, your Honor. And that admonishment was not given to Mr. Guzman.
* * *
I would ask that Mr. Guzman be allowed to withdraw his plea of guilty."
The court denied defendant's motion, and this appeal followed.
¶ 6 In the pleadings on appeal, defendant stated that "he is now awaiting deportation pending the outcome of this appeal." In the interest of justice and judicial economy, we ordered defendant to brief us on "the status of any deportation proceedings" involving defendant.
¶ 7 On behalf of defendant, appellate counsel filed a response stating:
"On February 18, 2011, [appellate] counsel spoke to Mr. Guzman's immigration attorney, Ms. Beatriz Sandoval. Ms. Sandoval stated that Mr. Guzman was deported late December 2010."
¶ 8 The response further stated that defendant has family still living in the United States and wishes to return to this country.

¶ 9 ANALYSIS
¶ 10 Defendant argues the trial court erred in denying his motion to withdraw his guilty plea. Specifically, defendant claims that trial counsel's failure to inform him of the potential effect of his conviction, as required under Padilla v. Kentucky, 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), renders his guilty plea involuntary.
¶ 11 Claims of ineffective assistance of counsel arising from the plea-bargaining process are analyzed under the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). People v. Jones, 144 Ill.2d 242, 162 Ill.Dec. 15, 579 N.E.2d 829 (1991). To prevail under Strickland, a defendant must establish that his attorney's performance was deficient and that he suffered prejudice as a result of counsel's unprofessional *1185 conduct. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 12 Whether to accept or reject a guilty plea offer is a decision only the defendant can make. People v. Blommaert, 237 Ill.App.3d 811, 178 Ill.Dec. 531, 604 N.E.2d 1054 (1992). For this decision to be knowing and voluntary, a criminal defense attorney is required to fully inform the defendant of the facts and law related to the State's offer and must candidly advise the defendant concerning all aspects of the case, including direct consequences of accepting or rejecting the offer. Blommaert, 237 Ill.App.3d at 816-17, 178 Ill.Dec. 531, 604 N.E.2d 1054. In particular, defense counsel is obligated to inform his client of the maximum and minimum sentence that can be imposed. Id. at 817, 178 Ill.Dec. 531, 604 N.E.2d 1054.
¶ 13 Under the terms of federal immigration law, any alien who has been convicted of an enumerated offense is deportable. Section 1227(a)(2)(C) of title 8 provides:
"Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device * * * in violation of any law is deportable." 8 U.S.C. § 1227(a)(2)(C) (2006).
Where deportation is a clear consequence, a criminal defense attorney is required to advise his or her client that the pending charges may carry a risk of adverse immigration consequences. Padilla, 559 U.S. ___, 130 S.Ct. 1473.
¶ 14 The United States Supreme Court addressed the issue of whether informing a defendant of immigration status was required for a guilty plea to be voluntary under a claim of ineffective assistance. See Padilla, 559 U.S. at ___, 130 S.Ct. at 1484. In Padilla, the Court held that "[i]t is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so `clearly satisfies the first prong of the Strickland analysis.'" Padilla, 559 U.S. at ___, 130 S.Ct. at 1484 (quoting Hill v. Lockhart, 474 U.S. 52, 62, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (White, J., concurring, joined by Stevens, J.)). In conclusion, the Court stated:
"It is our responsibility under the Constitution to ensure that no criminal defendantwhether a citizen or notis left to the `mercies of incompetent counsel.' [McMann v.] Richardson, 397 U.S. [759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]. To satisfy this responsibility, we now hold that counsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less.
Taking as true the basis for his motion for postconviction relief, we have little difficulty concluding that Padilla has sufficiently alleged that his counsel was constitutionally deficient. Whether Padilla is entitled to relief will depend on whether he can demonstrate prejudice as a result therefore, a question we do not reach because is was not passed on below. [Citation.]" Padilla, 559 U.S. at ___, 130 S.Ct. at 1486-87.
¶ 15 Here, defendant asserts that counsel did not advise him that he risked deportation by pleading guilty. The record supports that assertion. Nothing in the transcripts or pleadings demonstrates that defense counsel advised defendant of *1186 any immigration consequences related to his guilty plea. Counsel's failure to do so satisfies the first prong of the Strickland analysis.
¶ 16 Although Padilla clearly imposes a duty under the first prong, it does not provide an analysis of the second prong. To satisfy the prejudice prong of Strickland, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have instead gone to trial. Hill, 474 U.S. at 59, 106 S.Ct. 366. In challenging a guilty plea based on ineffective assistance of counsel, the question we must answer is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59, 106 S.Ct. 366. This requires the defendant to show only that he rationally could have gone to trial, not a likely acquittal at trial. Hill, 474 U.S. at 59, 106 S.Ct. 366; United States v. Orocio, 645 F.3d 630 (3d Cir.2011) (en banc).
¶ 17 Under the circumstances of this case, the prejudice inquiry focuses on whether defendant, if made aware of the dire immigration consequences of the proposed guilty plea, reasonably could have chosen to go to trial even though he faced a Class 1 felony charge with a 4- to 15-year sentencing range (730 ILCS 5/5-8-1(a)(4) (West 2008)). See Orocio, 645 F.3d at 645.
¶ 18 Here, defendant's deportation based on his guilty plea is certain. As noted by the Court in Padilla, the terms of the federal statute are clear and explicit. Padilla, 559 U.S. at ___, 130 S.Ct. at 1483. If a defendant is convicted of possession of a firearm, the law commands removal. See 8 U.S.C. § 1227(a)(2)(C) (2006) ("[a]ny alien who * * * is convicted * * * of [possession of a firearm] * * * in violation of any law is deportable"). Thus, the consequences of defendant's plea and subsequent conviction are obvious: deportation is presumptively mandatory.
¶ 19 However, we need not rely solely on the statute to determine whether defendant was prejudiced by counsel's failure to inform him that he may be deported. Appellate counsel stated that she spoke with defendant's immigration attorney, who informed her that defendant was deported in December of 2010. Counsel signed the response as an officer of the court and verified that the statements set forth in the motion were true. Defendant has already been deported.
¶ 20 The Padilla Court emphasized that "`[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence.'" (Internal quotation marks omitted.) Padilla, 559 U.S. at ___, 130 S.Ct. at 1483 (quoting Immigration & Naturalization Service v. St. Cyr, 533 U.S. 289, 323, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)). Under the guarantees of the sixth amendment, every defendant is entitled to the effective assistance of counsel in the plea bargaining process. U.S. Const., amend. VI; Hill, 474 U.S. at 59, 106 S.Ct. 366. Counsel must inform his or her client whether the plea carries a risk of deportation. See Padilla, 559 U.S. at ___, 130 S.Ct. at 1486. Defendant alleges that he was unaware of that risk when he accepted the State's plea offer and that he wishes to return to his family still living in the United States. Given the serious impact of deportation on the defendant, it would make sense for him to choose the possibility of acquittal in a trial. As a permanent resident of this country, he could have made a rational decision to reject the plea agreement, rather than accept a plea guilty that guaranteed his removal. Accordingly, counsel's failure to advise defendant of the consequences of deportation *1187 resulted in prejudice. See Padilla, 559 U.S. at ___, 130 S.Ct. at 1486; see also Orocio, 645 F.3d at 645-46; State v. Sandoval, 171 Wash.2d 163, 249 P.3d 1015 (2011) (en banc) (both finding prejudice to lawful permanent residents who were not informed of immigration consequences).
¶ 21 Because defendant was not informed of the immigration consequences he faced upon pleading guilty, his decision cannot be characterized as having been voluntarily or intelligently made.

¶ 22 CONCLUSION
¶ 23 The order of the circuit court of Will County denying defendant's motion to withdraw his guilty plea is reversed, and the cause is remanded for further proceedings.
¶ 24 Reversed and remanded.
Justice HOLDRIDGE concurred in the judgment and opinion.
Justice McDADE dissented, with opinion.
¶ 25 Justice McDADE, dissenting:
¶ 26 The majority reverses the trial court's judgment denying defendant's motion to withdraw guilty plea. Supra, ¶ 23. The basis for the majority's decision is that defendant was not informed of the potential immigration consequences of his conviction. Supra, ¶ 21. I dissent.
¶ 27 Initially, defendant asserts the trial court erred in denying his motion to withdraw guilty plea. Specifically, defendant argues that the trial court's failure to advise him in accordance with section 113-8 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/113-8 (West 2008)), concerning the potential effect of a guilty plea and conviction, renders his guilty plea involuntary. A trial court's decision on a motion to withdraw a guilty plea is reviewed under the abuse of discretion standard. People v. Pullen, 192 Ill.2d 36, 39-40, 248 Ill.Dec. 237, 733 N.E.2d 1235 (2000). Because defendant has not established prejudice as a result of the court's failure to admonish him under section 113-8, I would not disturb its decision denying defendant's motion to withdraw guilty plea.
¶ 28 Section 113-8 provides:
"Before the acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to a misdemeanor or felony offense, the court shall give the following advisement to the defendant in open court:
`If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization under the laws of the United States.'" 725 ILCS 5/113-8 (West 2008).
¶ 29 Here, the trial court found the above admonishments to be directory, as opposed to mandatory. The supreme court recently addressed this question in People v. Delvillar, 235 Ill.2d 507, 337 Ill.Dec. 207, 922 N.E.2d 330 (2009). Specifically, the court stated:
"Immigration consequences are collateral consequences. [Citations.] As such, the failure to admonish a defendant of potential immigration consequences does not affect the voluntariness of the plea. Defendant argues that section 113-8 was intended to correct a deficiency in guilty plea admonishments that courts were not required to inform defendants of immigration consequences. Defendant correctly states the legislature's intent. As discussed above, section 113-8 changed what is required of the circuit court in accepting a defendant's *1188 guilty plea to include an admonition about the potential immigration consequences of that plea. However, the change in law reflected in section 113-8 cannot elevate potential immigration actions from collateral consequences to direct consequences. It is well established that a legislature cannot, without a constitutional amendment, deprive a defendant of a constitutionally protected right. [Citation.] Likewise, although the legislature intended to further protect a defendant's right to voluntarily enter a guilty plea, the legislature cannot by statute alone add to what is constitutionally required of the circuit court. [Citation.] Here, the effect of the statute is to require that defendants be informed of this one particular collateral consequence as well as the direct consequences of a guilty plea. In this case, because such consequences remain collateral, the failure to admonish defendant of such consequences does not call into question the constitutional voluntariness of his guilty plea.
However, as with other imperfect admonishments, although the failure to admonish a defendant of potential immigration consequences does not rise to a constitutional violation, reversal may yet be required if real justice has been denied or if the defendant has been prejudiced by the inadequate admonishment. [Citation.] Prejudice was a critical question considered by this court in [People v.] Robinson[, 217 Ill.2d 43, 298 Ill.Dec. 37, 838 N.E.2d 930 (2005)]. As noted above, we concluded that the statute in that case was directory. The clerk of the court in Robinson had a statutory duty to serve timely notice on petitioner. We recognized that the petitioner possessed a right to timely service that corresponds with the clerk's duty to provide it. However, we also concluded that the petitioner was not entitled to a remedy because, even without being timely served, he filed his notice of appeal on time. As such, the petitioner was not prejudiced by the clerk's error. [Citation.]
Again, it is defendant who must demonstrate that he has been prejudiced by the improper admonishment. [Citation.] In this case defendant has not done so. In his motion to withdraw his guilty plea and at argument on the motion, defendant failed to demonstrate that he was subject to any potential immigration penalties or that he would have pleaded not guilty had he been admonished of those potential consequences. After having answered `yes' to the question whether he was a United States citizen in a previous hearing, defendant made no attempt to prove his resident alien status to the court in the subsequent hearing on his motion." Delvillar, 235 Ill.2d at 521-22, 337 Ill.Dec. 207, 922 N.E.2d 330.
¶ 30 The Delvillar case was pending before the supreme court at the time defendant's motion was heard in the trial court. The record reveals, however, that defendant failed to show the trial court, in his motion or argument, that any of those consequences discussed in Delvillar have been or will be applied to him. For example, defendant's motion simply stated that "[d]efendant wishes to withdraw his guilty plea." It fails to offer any basis why he should be allowed to do so. At the hearing on defendant's motion, defendant's sole basis for requesting relief was grounded in the incorrect belief that the section 113-8 admonishments were mandatory. Specifically, defendant presented the court with the following argument:
"MS. TISDALE [defense counsel]: * * * [T]he language of 725 ILCS 5/113-A [sic], is that if you are not a citizen of the United state, [sic] you're *1189 hereby advised that thethat conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, your Honor. And that admonishment was not given to Mr. Guzman.
Your Honor, it's Your Honor's discretion as to whether he should be allowed to withdraw his plea of guilty or not. And seeing as though both of the cases that have been presented to Your Honor, it isn't clear as to what the interpretation of that statute actually is. One case thinks it's instructionary, and another case thinks it's mandatory.
I would ask that Mr. Guzman be allowed to withdraw his plea of guilty."
¶ 31 Under the circumstances, the trial court was simply left to decide whether the 113-8 admonishments were mandatory.[1] Defendant fell far short of meeting his burden to show the trial court that he suffered prejudice as a result of its failure to admonish him. Because the trial court's failure to admonish defendant of potential immigration consequences does not by itself call into question the constitutional voluntariness of his guilty plea (Delvillar, 235 Ill.2d at 521-22, 337 Ill.Dec. 207, 922 N.E.2d 330), I would not disturb its decision denying defendant's motion to withdraw guilty plea (Pullen, 192 Ill.2d at 39-40, 248 Ill.Dec. 237, 733 N.E.2d 1235).
¶ 32 In coming to this conclusion, I note that defendant, in his reply brief, stated that "he is now awaiting deportation pending the outcome of this appeal." Defendant failed, however, to provide us with any evidence supporting this bald claim. Thus, similar to the argument he tendered to the trial court, defendant's argument here on appeal lacked any substantive evidence of prejudice. This failure alone was sufficient to justify a finding of waiver. See People v. Walker, 403 Ill.App.3d 68, 79, 342 Ill.Dec. 654, 932 N.E.2d 1115 (2010). In the interest of justice and equity, however, we ordered defendant to brief us on "the status of any deportation proceedings" involving defendant.
¶ 33 Defendant subsequently filed a response stating: "On February 18, 2011, counsel spoke to Mr. Guzman's immigration attorney, Ms. Beatriz Sandoval. Ms. Sandoval stated that Mr. Guzman was deported late December 2010." Defendant did not attach any order or document verifying the above claim or confirming the deportation was a result of this conviction. Thus, the question of whether defendant has suffered prejudice as a result of the trial court's failure to admonish him remains unanswered. Moreover, because defendant's status does not fall squarely within the judicially noticeable category of facts "`capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy'" (People v. Davis, 65 Ill.2d 157, 165, 2 Ill.Dec. 572, 357 N.E.2d 792 (1976)), I would not apply the doctrine of judicial notice.
¶ 34 I disagree with the majority's belief that defendant has established prejudice. Supra ¶ 20. The majority grounds its belief in the assertion that section 1227(a)(2)(C) of title 8 "commands removal" (deportation) if a defendant is convicted of one of the named offenses found in section 1227(a)(2)(C). Supra ¶ 18. The majority misreads section 1227(a)(2)(C). Section 1227(a)(2)(C) merely states that a defendant "is deportable" if convicted. 8 U.S.C. § 1227(a)(2)(C). It does not provide that a defendant "shall be deported." Thus, the majority's conclusion that defendant was deported because deportation "is *1190 presumptively mandatory" (supra ¶ 18) is based on a faulty construction of section 1227(a)(2)(C).
¶ 35 The majority notes, however, that it need not rely solely upon section 1227(a)(2)(C) in order to establish prejudice. Supra ¶ 19. Instead, the majority cites to the appellate counsel's hearsay statement that she spoke with defendant's immigration attorney, who informed her that defendant was deported in December 2010. Supra ¶ 19. The fact remains that counsel's statement constitutes hearsay, and there is no documentation to confirm the accuracy of either the recollection or the representation of the immigration attorney. Thus, I believe it is improper to simply accept this alleged fact as true. In coming to this conclusion, I note that counsel has had two opportunities to provide this court with evidence, not hearsay, of defendant's alleged deportation. Counsel has failed to do so on both occasions. I find this especially troublesome due to the fact that we expressly ordered counsel to brief us on "the status of any deportation proceedings." Moreover, counsel initially stated that defendant was awaiting deportation pending this appeal. After additional briefing, however, counsel now advises that defendant has already been deported prior to the resolution of the appeal. Defendant's status is simply unclear.
¶ 36 Even if I were, however, to accept counsel's hearsay statement as affirmative evidence of defendant's alleged deportation, I note that counsel has failed to provide us with any evidence, or statement for that matter, as to the specific grounds of defendant's alleged deportation. Was defendant deported on the basis of his conviction of aggravated possession of stolen firearms, or was he deported as a result of a different conviction? Was defendant deported due to failure to file a change of address?[2] See 8 U.S.C. § 1227(a)(3)(A)(2006). Was defendant deported due to alien smuggling conduct?[3] 8 U.S.C. § 1227(a)(1)(E)(i). The majority simply assumes that defendant was deported as a result of his conviction of aggravated possession of stolen firearms. Supra ¶ 19. There is simply no evidence in the record justifying this conclusion. Without such evidence, I cannot find that defendant has suffered prejudice as a result of the trial court's failure to admonish him in accordance with section 113-8 of the Code.
¶ 37 Next, defendant argues that he was deprived of effective assistance of counsel. Specifically, defendant argues that counsel's failure to advise him of the potential immigration consequences of a guilty plea and conviction amounts to ineffective assistance. In support of his position, defendant cites Padilla v. Kentucky, 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Because defendant has not established prejudice as a result of counsel's alleged failure to advise him of potential immigration consequences, I find defendant's ineffective assistance claim to be without merit.
¶ 38 The supreme court has adopted the two-part test found in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine if a defendant was denied effective assistance of counsel in entering his guilty plea. People v. Jones, 144 Ill.2d 242, 253-54, 162 Ill.Dec. 15, 579 N.E.2d 829 (1991). To establish *1191 that a defendant was deprived of effective assistance of counsel, a defendant must establish both that his attorney's performance was deficient and that the defendant suffered prejudice as a result. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 39 The Padilla Court held that "[i]t is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so `clearly satisfies the first prong of the Strickland analysis.'" Padilla, 559 U.S. at ___, 130 S.Ct. at 1484 (quoting Hill v. Lockhart, 474 U.S. 52, 62, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (White, J., concurring in judgment, joined by Stevens, J.)).
¶ 40 While I acknowledge that defendant alleges counsel failed to discuss potential immigration consequences with him, I note that the record does not prove or refute this claim. Instead, the record is entirely silent as to this issue. In light of this fact, I believe we are unable to determine whether counsel's performance was deficient. Instead, a postconviction proceeding is appropriate to develop the record in this regard. See People v. Powers, 260 Ill.App.3d 163, 168, 197 Ill.Dec. 640, 631 N.E.2d 862 (1994). Even if I was to assume, however, that counsel's performance was deficient, defendant's ineffective assistance claim fails because he has not established prejudice.
¶ 41 As shown above, defendant's claim requires a showing of prejudice. Both the United States Supreme Court and the Illinois Supreme Court have indicated that if it is easier to dispose of an ineffectiveness claim on the grounds of lack of sufficient prejudice, it is not necessary to first address whether defense counsel's performance was deficient. Strickland, 466 U.S. at 697, 104 S.Ct. 2052; People v. Albanese, 104 Ill.2d 504, 527, 85 Ill.Dec. 441, 473 N.E.2d 1246 (1984). For the reasons earlier discussed, I find defendant has failed to establish that he was prejudiced by counsel's alleged failure to advise him of the potential immigration consequences of a guilty plea and conviction.
¶ 42 For the foregoing reasons, I would affirm the trial court's order denying defendant's motion to withdraw his guilty plea.
NOTES
[1] Ultimately, the trial court correctly determined that the admonishments were merely directory. See Delvillar, 235 Ill.2d at 521-22, 337 Ill.Dec. 207, 922 N.E.2d 330.
[2] A conviction is not required for this ground of deportation.
[3] Any noncitizen who: before, at, or within five years after any entry, knowingly encouraged, induced, assisted, abetted, or aided any other noncitizen to enter or try to enter the United States in violation of law. No conviction is required to establish this ground of deportation.