# Illinois Official Reports

## Appellate Court

---

### *People v. Holm*, 2014 IL App (3d) 130583

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL HOLM, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0583 |
| Filed | December 8, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for wilful obstruction or interference with lawful taking of wild animals pursuant to section 2(a) of the Hunter and Fishermen Interference Prohibition Act, the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea and the appellate court remanded the cause to allow defendant to withdraw his guilty plea and for the entry of a judgment in defendant's favor, since the conduct defendant engaged in was protected by the statutory provision which exempts the legal use of land by landowners and tenants from the scope of the Act. |
| Decision Under Review | Appeal from the Circuit Court of Grundy County, No. 12-CM-959; the Hon. Robert C. Marsaglia, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Christopher S. Carroll, of Aurora, for appellant.<br><br>Jason Helland, State's Attorney, of Morris (Laura E. DeMichael, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Daniel Holm, was charged with wilful obstruction or interference with lawful taking of wild animals (hunter harassment) under section 2(a) of the Hunter and Fishermen Interference Prohibition Act (Act) (720 ILCS 125/2(a) (West 2010)). Daniel, appearing *pro se*, entered a plea of guilty. After pleading guilty, Daniel hired private counsel, who filed a motion to withdraw the guilty plea. Counsel argued that Daniel was not guilty of hunter harassment and had pled guilty under duress. After sentencing, counsel filed an amended motion to withdraw the guilty plea, raising additional arguments that section 2(a) of the Act was unconstitutional as a violation of procedural and substantive due process. The court denied the motion in a written order. Daniel appeals, arguing the trial court abused its discretion in denying his motion to withdraw his guilty plea. We reverse and remand.

¶ 2                                    FACTS

¶ 3    In December 2012, Daniel and his father, Adam Holm, were arrested and charged under section 2(a) of the Act, which applies to a person who "[w]ilfully obstructs or interferes with the lawful taking of wildlife or aquatic life by another person with the specific intent to prevent that lawful taking." 720 ILCS 125/2(a) (West 2010). Daniel defended *pro se*. He reached a plea agreement with the State under which he would plead guilty and sentencing would be capped at one year of conditional discharge.

¶ 4    Meanwhile Adam's case proceeded to a jury trial, where he, too, defended *pro se*. The jury found Adam guilty. On appeal, this court has reversed Adam's conviction, finding that the evidence was insufficient to convict because he met the statutory exemption for "tenants *** exercising their legal rights to the enjoyment of land." 720 ILCS 125/2 (West 2010); *People v. Holm*, 2014 IL App (3d) 130582.

¶ 5    At the guilty plea hearing in Daniel's case, the court admonished him under Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) as to his waiver of counsel and under Illinois Supreme Court Rule 402 (eff. July 1, 2012) as to his plea. Noting the unusual circumstances of Daniel's case, the court requested a factual basis from the prosecutor:
    "And giving the factual basis, obviously, we're all aware the codefendant [Adam] went through a jury trial yesterday where the codefendant was on trial.
        [Daniel] testified at some length in that trial. So, obviously, I know some facts based on his sworn testimony of yesterday."

¶ 6    The State recited a factual basis:
    "If the State were to call witnesses, the State would call Alexander Kerr, who would state that on or around December 2nd of 2012, while hunting property on or around

3000 North Winterbottom Road, the defendant interfered with Mr. Kerr's lawful taking of wild white tail deer, with the intent to drive and disturb white tail deer for the purpose of interfering with Mr. Kerr's lawful taking."

Daniel agreed that if Kerr were called to testify, he would testify to the facts presented by the State. The court found Daniel's plea voluntary and the State's factual basis sufficient. It accepted Daniel's plea, scheduled a sentencing hearing, and ordered a presentence investigation.

¶ 7    Prior to sentencing, Daniel hired private counsel. The attorney filed a motion to withdraw the guilty plea, arguing that Daniel was not guilty of hunter harassment and that he pled guilty under duress to avoid jail time because he was supporting his grandmother and disabled brother. The court denied the motion.[1]

¶ 8    The court held a joint hearing to sentence both Daniel and Adam. In relation to Daniel's sentencing, the court agreed to take judicial notice of the events testified to at Adam's jury trial. Those facts are explained in more detail in our opinion in Adam's case, *Holm*, 2014 IL App (3d) 130582. Briefly, Daniel and Adam were living at Adam's mother's home in rural Grundy County. The Holm property shared a boundary line with land owned by Alexander Kerr's in-laws, where Kerr had hunted for at least 10 years. In December 2012, Kerr and conservation officer Dave Wollgast attempted a hunt at the in-laws' property. While remaining at all times on the Holm property, Daniel and Adam interfered with the hunt by making noise in various ways. Wollgast arrested Daniel and Adam for hunter harassment.

¶ 9    The court in the present case considered the evidence in aggravation and mitigation and the Holms' history of harassment toward their neighbors and, in particular, toward the Kerrs. The court decried defendant's behavior, which

"instead of just being really annoying and obnoxious became a criminal offense, because the irony of it [was] it had to do with hunting, although hunting really [was not] the issue here. *** But by interfering with the deer hunting on that day, it crossed into a criminal offense that didn't otherwise exist up until now."

¶ 10   The court sentenced Daniel to 12 months' conditional discharge and a $250 fine. In addition, the court ordered that Daniel not threaten, harass, or intimidate Kerr, Kerr's friends and family, surrounding land owners, or Deer Lake Dam Association members.

¶ 11   After sentencing, Daniel filed an amended motion to withdraw his guilty plea, adding additional arguments to those raised in his original motion. The amended motion argued that the Act violated procedural and substantive due process under the Illinois and United States Constitutions. The court denied the motion in a written order. Daniel appeals the denial of his motion to withdraw his guilty plea.

¶ 12                                        ANALYSIS

¶ 13   Daniel contends that his motion to withdraw should have been granted because the factual basis for the plea was insufficient and the hunter harassment statute is unconstitutional on multiple grounds.

---

[1]The transcript of the hearing on Daniel's motion is not included in the record on appeal. It is unclear whether the court dismissed the motion as untimely–as it was filed prior to sentencing–or denied it on its merits.

¶ 14    Leave to withdraw a plea of guilty is not granted as of right but only as required to correct a manifest injustice under the facts of the particular case. *People v. Pullen*, 192 Ill. 2d 36, 39 (2000). The decision whether to grant leave to withdraw is left to the discretion of the trial court. *Id.* at 39-40. The trial court's decision will not be disturbed on appeal "unless it appears that the guilty plea was entered through a misapprehension of the facts or of the law, or that there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial." *People v. Jamison*, 197 Ill. 2d 135, 163 (2001). The trial court has a duty to ensure that the conduct of a defendant is sufficient to sustain the charge to which the defendant is pleading guilty. *People v. Edmonds*, 15 Ill. App. 3d 1073, 1079 (1973).

¶ 15    Considering the specific facts of this case, we find that Daniel should have been allowed to withdraw his guilty plea. We found in Adam's case that the conduct engaged in by Adam and Daniel was protected by the statutory exemption for tenants. Therefore, Daniel's conduct did not constitute hunter harassment. The facts presented at sentencing and those presented at Adam's jury trial, of which the trial court in the present case took judicial notice, establish that Daniel resided on the property where he allegedly committed hunter harassment. In the companion case of *Holm*, 2014 IL App (3d) 130582, this court established that the plain language of the hunter harassment statute exempts from its sweep the legal use of land by landowners and tenants.

¶ 16    First, Daniel was defending *pro se*; second, he pled guilty because he and his father, who had been convicted based on the same conduct, were the only persons in the household who generated income, and his grandmother and disabled brother would suffer if both breadwinners were incarcerated; third, after pleading guilty, Daniel hired private counsel, who moved to withdraw the plea, arguing that Daniel had committed no crime; and, most importantly, fourth, based upon the statutory language and our holding in *Holm*, 2014 IL App (3d) 130582, Daniel pled guilty to a noncriminal act. We find that under the facts involved in the present case, the interests of justice demand that Daniel be allowed to withdraw his plea. A contrary decision would result in "manifest injustice." *Pullen*, 192 Ill. 2d at 39.

¶ 17    Because our finding is dispositive, we do not reach any constitutional issue that Daniel may have raised. See *In re E.H.*, 224 Ill. 2d 172, 178 (2006) (cases should be resolved on nonconstitutional grounds when possible).

¶ 18    We remand for the trial court to allow Daniel leave to withdraw his guilty plea and to enter judgment in his favor.

¶ 19                                              CONCLUSION

¶ 20    The judgment of the circuit court of Grundy County is reversed. The cause is remanded for further proceedings consistent with this decision.

¶ 21    Reversed and remanded.