# Illinois Official Reports

## Appellate Court

---

### *People v. McClendon*, 2015 IL App (3d) 130401

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM D. McCLENDON, Defendant-Appellant. |
| District & No. | Third District<br>Docket Nos. 3-13-0401, 3-13-0402 cons. |
| Filed | August 25, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Knox County, Nos. 12-CF-355, 13-CM-42; the Hon. James R. Standard, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier and Thomas A. Karalis (argued), both of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>John T. Pepmeyer, State's Attorney, of Galesburg (Justin A. Nicolosi (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion. Presiding Justice McDade and Justice Holdridge concurred in the judgment and opinion. |

¶ 1    The State and defendant William D. McClendon entered into a fully-negotiated plea agreement. However, within a few days, defendant had a change of heart, hired new counsel, and filed a timely motion to withdraw his guilty pleas. Although the State did not have an objection to defendant's timely motions, the trial court refused to allow defendant's request to set aside the plea agreement. Defendant appeals. We reverse and remand.

¶ 2                                    BACKGROUND

¶ 3    On August 1, 2012, the State filed an information in case No. 12-CF-355 charging defendant with four felony charges, including mob action, arising out of events occurring on July 21, 2012. The court issued a $100,000 arrest warrant for defendant on August 2, 2012.

¶ 4    On January 15, 2013, defendant was arrested on the $100,000 arrest warrant and charged with new unrelated offenses, including domestic battery, in case No. 13-CM-42. The State also filed separate petitions to revoke probation in case Nos. 10-CF-326 and 10-CF-548, based on the new allegations of domestic battery. Defendant was unable to post bail and remained incarcerated in the Knox County jail until February 5, 2013. On that date, the parties informed the trial court that they had reached a proposed negotiated plea agreement.

¶ 5    The terms of this proposed negotiated plea agreement required defendant to plead guilty to one felony mob action count in case No. 12-CF-355 and one misdemeanor count of domestic battery in case No. 13-CM-42. In exchange for defendant's guilty pleas, the State agreed to dismiss all other pending charges against defendant, including the separate petitions to revoke probation.

¶ 6    After proper admonishments by the court, defendant told the court he understood his right to a trial in each case, wished to give up the right to a trial, and wanted to plead guilty. The court asked defendant whether he spoke with his public defender about the specific terms of this plea agreement and whether defendant was satisfied with his attorney's representation. Defendant stated, "Yes, sir." Further, defendant denied he was subjected to any threats, promises, coercion, or force by anyone and wished to plead guilty to these two counts.

¶ 7    Pursuant to the negotiated plea agreement, the court sentenced defendant to two years' probation for the mob action conviction, and also sentenced defendant to pay fines resulting from his domestic battery conviction. The court dismissed the remaining counts in both cases and the pending petitions to revoke defendant's probation pursuant to the agreement. The court admonished defendant pursuant to Supreme Court Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)), regarding defendant's right to file a motion to withdraw his guilty plea.

¶ 8    On March 7, 2013, defendant's newly-retained counsel filed identical amended motions to withdraw defendant's guilty pleas (motions to withdraw) supported by affidavits from defendant and occurrence witnesses in case Nos. 12-CF-355 and 13-CM-42. In essence, the motions to withdraw and supporting affidavits alleged defendant had an actual defense to both charges, but defendant entered a guilty plea because his appointed counsel pressured him to do so by advising defendant he should "just plead guilty so [he] could just go home and see [his] kids," and "it would be a lot worse for [defendant] if he did not just plead guilty." The motions

and affidavits alleged appointed counsel also advised defendant that he "would have to sit there in jail for a long time while nothing happened on [his] case," if he persisted in his assertion that he was not guilty of the charged offenses.

¶ 9       On June 5, 2013, the parties appeared for the hearing on defendant's motions to withdraw before the same judge who accepted defendant's guilty pleas. Initially, the defense presented the testimony of the victim of the domestic battery charge. The victim testified before the court that defendant did not batter her on January 14, 2013. Following the victim's sworn testimony, defense counsel advised the court that "the State is not objecting to this motion [to withdraw] and is actually agreeing that the motion should be granted."

¶ 10      Defendant also testified before the court and explained that the first time his attorney spoke with defendant about the terms of the plea agreement was on February 5, 2013. Defendant testified he repeatedly told the public defender that he was innocent and did not wish to plead guilty. However, the public defender instructed defendant to "[j]ust plead guilty so you [defendant] can go home today 'cause it's a good deal.' "[1] According to defendant, his public defender also told him, "[I]f you don't plead guilty, then you're just going to be sitting in jail while nothing happens in your case." Defendant testified his entire conversation with his attorney about the plea agreement lasted for "about three minutes" and took place immediately before the court called his case on February 5, 2013.

¶ 11      During closing arguments on the motions to withdraw, the State confirmed defense counsel did not spend much time with defendant on the date the court accepted the plea agreement. Specifically, the prosecutor told the court, "I would just [submit] to the Court that I remember the day of the plea, and [defendant's] representations as to the amount of time [defense counsel] spent with him explaining things are accurate." After recognizing the court properly admonished defendant, the State advised the court, "[T]he State is not objecting to the presentation and the granting of this motion [to withdraw]."

¶ 12      However, the court denied defendant's motions to withdraw his guilty pleas. The court found that the court's admonishments were not defective and defendant's responses indicated defendant fully understood the nature and consequences of his plea agreement.

¶ 13      Defendant filed a timely notice of appeal.

¶ 14                                                ANALYSIS

¶ 15      On appeal, both parties agree defendant filed timely motions to withdraw the guilty pleas, which were originally presented to the trial judge as part of a fully-negotiated plea agreement. In addition, both parties agree that the State and defense counsel advised the trial court that the State was not opposing defendant's timely motions to withdraw. On appeal, defendant asserts the trial court's decision to deny defendant's unopposed and timely motions to withdraw his guilty pleas should now be reversed in the interest of justice.

¶ 16      We recognize that the court's decision to deny a motion to withdraw a guilty plea should not be disturbed on review absent an abuse of discretion. *People v. Pullen*, 192 Ill. 2d 36, 40 (2000). Our research has not revealed any other published decision where the trial court denied

---

[1]Defendant's appellate counsel argues on page 10 of his appellate brief that defendant was in custody when he entered his guilty plea and he "secured his release after the trial court accepted his guilty plea."

a timely defense motion to withdraw guilty pleas that the State did not oppose. Consequently, it appears that the case at bar raises an issue of first impression.

¶ 17    We begin our analysis by reviewing the general law governing plea agreements. Applying the principles of contract law to the plea agreement, the case law recognizes that ordinarily the terms of a plea agreement are enforceable against both parties and, therefore, neither party can unilaterally renege or modify the agreement. *People v. Evans*, 174 Ill. 2d 320, 326-27 (1996). However, this case does not involve a situation where one party seeks to rescind the plea agreement over the other party's objection. Here, the State Attorney's office elected *not* to oppose this defendant's timely request to rescind the plea agreement by requesting to withdraw his recent guilty pleas.

¶ 18    By statute, the State's Attorney has the exclusive duty and discretion to commence and prosecute all criminal actions. 55 ILCS 5/3-9005(a)(1) (West 2012). In addition, the State's Attorney is a part of the executive branch of government vested with the discretionary powers of an executive officer and " '[t]he sanctity of prosecutorial discretion should not be cavalierly discarded.' " *People ex rel. Thompson v. Anderson*, 119 Ill. App. 3d 932, 939 (1983) (quoting *People v. Thompson*, 88 Ill. App. 3d 375, 379 (1980)). It was well within the State's Attorney's discretion to decide whether or not to oppose a defendant's request to withdraw his guilty pleas.

¶ 19    While the prosecutor did not recite the reasoning supporting the prosecutor's executive decision not to contest the defendant's motions to withdraw, the prosecutor's good faith is evident of record. We note the prosecutor first waited for the victim of the domestic battery to provide her sworn testimony to the court, on the record, before advising the court that the State would not oppose the defense's motions to withdraw. Moreover, in her sworn testimony, the victim denied a domestic battery occurred, although we recognize there were other independent occurrence witnesses.

¶ 20    Based on this unique record, we conclude the court acted unreasonably by refusing to allow the timely and unopposed motions to withdraw the guilty pleas. Respectfully, judicial discretion should not be exercised to override prosecutorial discretion in the absence of compelling reasons for the trial court to do so. After careful review, we cannot discern any compelling reasons for the trial judge's decision in this case.

¶ 21    We conclude the court's ruling constituted an abuse of discretion and reverse that decision. We remand with directions for the trial court to allow the motions to withdraw the guilty pleas, vacate defendant's convictions subject to this appeal, reinstate all dismissed charges, and return the parties to the *status quo* prior to the court's decision approving the fully-negotiated plea agreement.

¶ 22                                    CONCLUSION

¶ 23    For the foregoing reasons, we reverse the trial court's denial of defendant's motions to withdraw his guilty pleas, vacate the judgment, and remand for further proceedings consistent with this order.

¶ 24    Reversed and remanded.